PLUMBERS & STEAMFITTERS
LOCAL 400 AND MCA OF NORTH CENTRAL
WISCONSIN HEALTH AND WELFARE FUND,

                    Plaintiff,

        v.                              Case No. 25-cv-1536

SCOTT JENTINK PLUMBING LLC,

                    Defendant.

## COMPLAINT

In support of its claims against Defendant Scott Jentink Plumbing LLC ("Jentink Plumbing"), Plaintiff Plumbers & Steamfitters Local 400 and MCA of North Central Wisconsin Health and Welfare Fund (the "Fund") alleges the following:

### JURISDICTION AND VENUE

1.     This Court has jurisdiction over this matter under Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. § 1132), in that this is an action by an ERISA benefits plan fiduciary to redress Defendant's violations of the terms of the Fund's trust agreements and ERISA Section 515 (29 U.S.C. § 1145).

2.     Venue is proper in this Court under Section 502(e)(2) of ERISA (29 U.S.C. § 1132(e)(2)), because the Fund is administered in this district.

### THE PARTIES

3.     The Fund is an ERISA benefit plan/fund and brings this action on behalf of the Trustees, participants and beneficiaries of the Fund.

54572297v3

4. The Fund maintains its office at 2700 Northridge Dr., Kaukauna, WI, 54130-0530.

5. Upon information and belief, Jentink Plumbing is a Wisconsin limited liability company with a principal place of business at W4369 Center Street, Hingham, Wisconsin, 53031.

6. Jentink Plumbing is a participating employer in the Fund.

## FACTUAL BACKGROUND

7. Jentink Plumbing is a party to a collective bargaining agreement ("CBA") between Local Union No. 400 of the United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada (the "Union") and the Mechanical Contractors Association of North Central Wisconsin (the "CBA"). A true and correct copy of the CBA in effect during the timeframe at issue in this case is attached as **Exhibit A**.

8. As a party to the CBA, Jentink Plumbing agreed to participate in the Fund by making appropriate contributions for covered work performed by its employees.

9. Jentink Plumbing entered into a Letter of Assent (the "Letter of Assent") signed by Scott Jentink as Owner of Jentink Plumbing on April 15, 2024. A true and correct copy of the Letter of Assent is attached hereto as **Exhibit B.**

10. By entering into the Letter of Assent, Jentink Plumbing adopted and assented to all the terms and provisions of the Fund's trust agreements, including all rules and regulations adopted by the Fund's Trustees, to make contributions as required by the CBA, and to report to the Fund all hours of covered work by each of its employees.

11. The Fund has adopted a Delinquency Collection Procedure (the "Procedure") that empowers the Fund under the circumstances of this case to collect, in

addition to delinquent contributions, interest, liquidated damages, and costs of collection, including reasonable attorneys' fees. A true and correct copy of the Procedure is attached hereto as **Exhibit C**.

12. ERISA Section 502(g)(2) (29 U.S.C. § 1132(g)(2)) also provides that in an action to collect delinquent contributions in which the fund prevails, the Court shall award, in addition to the delinquent contributions, interest, liquidated damages, and the costs of collection, including reasonable attorneys' fees.

13. Jentink Plumbing has violated the Fund's trust agreements and ERISA Section 515. Specifically, Jentink Plumbing has not paid the full amounts of contributions to the Fund owed for the period of May 1, 2024 through May 31, 2025. Over the period of May 2024 to May 2025, Jentink Plumbing failed to pay $37,857.54 in contributions. Interest and liquidated damages also continue to accrue on the amount of outstanding contributions per the Procedure and ERISA Section 502(g)(2) (29 U.S.C. § 1132(g)(2)).

14. The Fund issued notices to Jentink Plumbing requesting payment for the shortages of contributions in letters sent on June 9, 2025 and August 20, 2025. True and correct copies of the notices sent to Jentink Plumbing are attached hereto as **Exhibit D**.

## COUNT I:
## VIOLATION OF ERISA SECTION 515

15. The Fund incorporates by reference the preceding allegations.

16. Jentink Plumbing agreed to make contributions to the Fund as required under the terms of the Fund's trust agreement.

17. Jentink Plumbing has not made contributions as required.

18. The Fund has notified Jentink Plumbing of its delinquency and demanded that Jentink Plumbing submit appropriate contributions.

19.     Jentink Plumbing has ignored the Fund's efforts to obtain the contributions owed.

20.     As a result, Jentink Plumbing is liable to the Fund for violation of ERISA Section 515 (29 U.S.C. § 1145), and the Fund is entitled to damages as set forth in ERISA Section 502(g)(2) (29 U.S.C. § 1132(g)(2)) as well as appropriate equitable relief, including, if necessary, a compelled audit to determine the sufficiency of Jentink Plumbing's contributions.

## COUNT II:
## BREACH OF TRUST AGREEMENT

21.     The Fund incorporates by reference the preceding allegations.

22.     Jentink Plumbing agreed to make contributions to the Fund as required under the terms of the Fund's trust agreements.

23.     Jentink Plumbing has not made contributions as required.

24.     The Fund has notified Jentink Plumbing of its delinquency.

25.     Jentink Plumbing has ignored the Fund's efforts to obtain the contributions owed.

26.     Pursuant to the Procedure adopted by the Fund's trustees according to their powers under the trust agreements, the Fund may recover from Jentink Plumbing:

    (a)     The amount of the unpaid contributions;

    (b)     Liquidated damages as described in the Procedure; and

    (c)     Interest on the unpaid contributions as described in the Procedure; and

    (d)     All costs of recovery, including, but not limited to, attorneys' fees and costs of the action.

27.     Jentink Plumbing also agreed to allow the Fund to audit its payroll records.

28.     The Fund is entitled to specific performance in the form of a
Court-ordered audit and to damages for any fees incurred in conducting such audit.

WHEREFORE, the Fund demands the following relief:

A.      An Order for a Money Judgment in favor of the Fund and Against
        Defendant in the amount of:

    i.      All unpaid contributions, including those which become due during the
            pendency of this lawsuit;

    ii.     All interest and liquidated damages owed on those contributions;

    iii.    Any payroll audit costs; and

    iv.     The reasonable attorneys' fees and actual costs the Fund incurs to
            collect Defendant's delinquent contributions;

B.      An Order that Jentink Plumbing comply with a payroll audit for the period
        of May 2024 to present;

C.      That the Court retain jurisdiction pending compliance with its orders; and

D.      For such other, further or different relief as the Court deems just and
proper.

Dated this 6th day of October, 2025.

s/ Jori P. LaRosa
Philip R. O'Brien
WI State Bar ID No. 1015549
pobrien@reinhartlaw.com
Daniel G. Murphy
WI State Bar ID No. 1097740
dmurphy@reinhartlaw.com
Jori P. LaRosa
WI State Bar ID No. 1126882
jlarosa@reinhartlaw.com

Reinhart Boerner Van Deuren s.c.
1000 North Water Street, Suite 1700
Milwaukee, WI 53202
Telephone: 414-298-1000
Facsimile: 414-298-8097

*Attorneys for Plaintiff*